UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEXTEP, LLC, )<br>  Plaintiff, )<br>)<br>v. )<br>)<br>KABA BENZING AMERICA, INC. )<br>  Defendant. ) | Case No. 4:07CV1107 RWS |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant's Motion to Dismiss [#6] or, in the alternative, Motion for a More Definite Statement [#6]. Plaintiff NEXTEP, LLC ("NEXTEP") brought this suit against Kaba Benzing America, Inc. ("Kaba")[1] claiming breach of contract.[2] Kaba moves to dismiss this claim on the basis that NEXTEP has failed to state a claim upon which relief may be granted. In the alternative, Kaba requests that NEXTEP make its Complaint more definite. I will deny Defendant's motions because NEXTEP has pled facts sufficient to state a claim upon which relief may be granted and because its pleadings are not so unintelligible as to require a more definite statement.

**Background**

The facts, as alleged by NEXTEP in its Complaint, are as follows:

---

[1] The Defendant's name as it appears on the original pleadings is "Kaba Workforce Solutions, Inc." The Defendant, in its Briefs, has indicated that this name is improper and that its correct name is "Kaba Benzing America, Inc." Thus, the Defendant's correct name will be substituted.

[2] Scott Moseley was also a named Defendant in the original Complaint. However, Moseley's status as Defendant has been terminated due to lack of personal jurisdiction. NEXTEP, LLC. v. Kaba Workforce Solutions, Inc., No. 4:07CV1107-RWS (E.D. Mo. Oct. 5, 2007) (order granting dismissal of Defendant Scott Mosley's motion to dismiss for lack of jurisdiction).

NEXTEP is a Missouri limited liability company. NEXTEP provides consulting services in connection with the sale of technology and software solutions. NEXTEP also brokers such sales. Kaba is a Florida corporation. Kaba produces and sells time and labor management software and components.

Michael Narducci is the owner and operator of NEXTEP. On May 23, 2006, Narducci contacted Joseph Palladino, Kaba's Director of Corporate Development, to let Palladino know that Narducci had information that could lead to a sale of Kaba's products to a potential client. Palladino, on behalf of Kaba, offered a referral fee and commission contract to NEXTEP in exchange for NEXTEP identifying and assisting in securing the client for Kaba. Narducci, on behalf of NEXTEP, accepted Palladino's contract offer. A referral fee and commission agreement was then formed between Kaba and NEXTEP. On May 23, 2006, Palladino memorialized the payment terms of the parties' agreement in an email sent to Narducci. The email stated that if the terms in the email were acceptable, Narducci should reply positively. NEXTEP claims that it was accepted.

NEXTEP provided information and assistance with the client to Kaba. Kaba completed the sale in January 2007. Prior to completing the sale, there was no suggestion that the parties' agreement had been rescinded or was no longer in effect. Instead it is alleged that the words and conduct of Kaba suggested that the agreement remained in effect. The sale resulted in the payment to Kaba in excess of $2.5 million. Kaba failed and refused to pay NEXTEP any of the $300,000.00 allegedly due to NEXTEP in the form of referral fees and sales commission. NEXTEP filed its Complaint in the present action on June 8, 2007.

**Motion to Dismiss**

**I. Legal Standard**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). The complaint should not be dismissed merely because the court doubts a plaintiff will be able to prove all of the necessary factual allegations. Palmer v. Tracor, Inc., 856 F.2d 1331 (8th Cir. 1988) (citing Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982). The court "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 464 (8th Cir. 2002); McMorrow v. Little, 109 F.3d 432, 434 (8th Cir. 1997).

**II. Analysis**

Kaba moves to dismiss this action in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) because NEXTEP's Complaint fails to state a claim upon which relief may be granted.[3] To state a

---

[3] Kaba asserts that NEXTEP's Complaint omits numerous necessary evidentiary facts, including: (1) which agreement is the basis for the lawsuit and the specific terms of that agreement, (2) the means by which NEXTEP accepted the agreement offered by Kaba, (3) the precise services and products that NEXTEP was to provide and did provide to Kaba, and (4) the precise services and products that would trigger a commission. Kaba further argues that NEXTEP failed to define various terms in its pleadings, including: (1) the precise "representations and promises" made by Kaba, identification of the persons who made such representations and

cause of action for breach of contract, a plaintiff must allege: (1) the existence of an enforceable contract between the parties, (2) mutual obligations arising under the terms of the contract, (3) the defendant did not perform, and (4) the plaintiff was thereby damaged from the breach. Giloman v. Sw. Mo. Truck Ctr., Inc., 905 S.W.2d 541, 542 (Mo. Ct. App. 1995).

Construing the facts in NEXTEP's Complaint in the light most favorable to NEXTEP, I find that NEXTEP has given fair notice of its claim and the grounds upon which its claim rests. NEXTEP's Complaint does not merely recite the breach of contract elements or simply state conclusions. Instead, NEXTEP has pled facts which provide plausible grounds, not merely speculative or conceivable grounds, to support the elements of a breach of contract claim. NEXTEP is not required to plead detailed factual allegations at the pleading stage. Both parties will have the opportunity to engage in extensive discovery at a later date. The discovery phase, not the pleading phase, is the appropriate time period for Kaba to request the evidence it is seeking.

I will deny Kaba's Motion to Dismiss.

**Motion for a More Definite Statement**

**I. Legal Standard**

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be

---

promises, and the location, medium, and manner in which these were made, (2) the precise "information and assistance" that NEXTEP provided, (3) the precise "words and conduct of Kaba that repeatedly suggested to NEXTEP" that the agreement remained in full force and effect, identification of the persons who offered such words and conduct, and the location, medium, and manner in which they were offered, and (4) what is meant by "fee paid" and what the precise terms of the agreement are that required Kaba to pay "twelve percent of the fee paid."

required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A Motion for a More Definite Statement is proper "when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." Tinder v. Lewis County Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (internal citations omitted). Rule 12(e) presents a stringent standard. In light of the liberal notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure and the liberal discovery available to both sides, motions for a more definite statement are rarely granted. Id. at 959-60. "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." Resolution Trust Corp. v. Gershman, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993).

**II. Analysis**

In the alternative, Kaba moves pursuant to Fed. R. Civ. P. 12(e) that NEXTEP be required to make its pleadings more definite. Kaba asserts that NEXTEP has failed to plead various necessary evidentiary facts and requests that a more definite statement be submitted as to these facts.[4] In addressing Kaba's motion, I will apply the Rule 12(e) standard in the stringent manner required, granting the motion only if NEXTEP's pleadings are unintelligible. See id.

NEXTEP has alleged with sufficient precision the nature of its breach of contract claim in its Complaint and has even gone so far as to attach to the Complaint the email between the parties concerning the agreement. Rule 12(e) is not intended to correct a claimed lack of detail. Id. The specific terms of the agreement, the identification, location, and medium of parties making representations, the particular details on how NEXTEP accepted Kaba's contract offer, and all of

---

[4] See *supra* note 3.

the other specific facts requested by Kaba are more properly issues to be explored in discovery. I find that the Complaint is not so unintelligible as to require a more definite statement. I see no reason why Kaba would be unable to either admit or deny the allegations of the Complaint as it is currently written. Whether NEXTEP can produce the specific facts needed to support its claim is a separate question which need not be decided at this phase.

Therefore, I will deny Kaba's Motion for a More Definite Statement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kaba Benzing America, Inc.'s Motion to Dismiss [#6] or, in the alternative, Motion for a More Definite Statement [#6] are **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of November, 2007.